1 | Michael P. Lehmann (77152; mplehmann@furth.com)
Thomas P. Dove (51921; tdove@furth.com)
2 | Christopher L. Lebsock (184546; clebsock@furth.com)
Jon T. King (205073; king@furth.com)¹
3 | FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
4 | San Francisco, CA 94104-4249
Telephone: (415) 433-2070
5 | Fax Number: (415) 982-2076

6 | Attorneys for Plaintiff and the Putative Class-Filing
7 | (Additional Attorneys Listed on Signature Page)

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | TRONG NGUYEN, on behalf of himself ) Case No.
and all others similarly situated,
12 | C 06 7418
Plaintiff,
13 |
14 | v. ) **CLASS ACTION COMPLAINT** EDL

15 | NVIDIA CORPORATION; ATI )
TECHNOLOGIES, INC.; and ADVANCED )
16 | MICRO DEVICES, INC. ) **JURY TRIAL DEMANDED**
Defendants. )
17 |

18 |

19 |

20 | Plaintiffs, by their attorneys, bring this civil action for damages and injunctive relief

21 | on behalf of themselves and all others similarly situated against the above-named

22 | Defendants, and demanding a trial by jury, complain and allege as follows:

23 | **JURISDICTION AND VENUE**

24 | 1. This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C. § 26,

25 | to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, to

26 | recover damages under state antitrust and consumer protection laws, and to recover the

27 | costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiffs and all

28 | others similarly situated sustained as a result of the Defendants' violations of those laws.

75119.1
CLASS ACTION COMPLAINT

1   2.    The Court has jurisdiction over the federal claim under 28 U.S.C. §§ 1331

2   and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367

3   because those claims are so related to the federal claim that they form part of the same case

4   or controversy.  The Court also has jurisdiction over the state law claims under 28 U.S.C. §

5   1332 because the amount in controversy for the Class exceeds $5,000,000, and there are

6   members of the Class who are citizens of a different state than the defendants.

7   3.    Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391

8   because defendants reside, transact business, or are found within this District, and a

9   substantial part of the events giving rise to the claims arose in this District.

10   4.    The activities of the Defendants and their co-conspirators, as described

11   herein, were within the flow of, were intended to, and did have a substantial effect on the

12   foreign and interstate commerce of the United States.

13                              **DEFINITIONS**

14   5.    As used herein, the term "Graphics Processing Units and Cards" are highly

15   specialized semiconductors and related products that increase the speed, complexity and

16   visual fidelity of digital images that can be displayed on graphical interfaces.

17   6.    As used herein, the term "Class Period" means the time period between

18   Nov. 30, 2002 and the present.

19                              **THE PARTIES**

20   **The Plaintiff**

21   7.    Plaintiff Trong Nguyen, a Washington resident, indirectly purchased

22   Graphics Processing Units and Cards from one or more of the Defendants during the Class

23   Period, for end use and not for resale, and was injured as a result of Defendants' illegal

24   conduct.

25   **The Defendants**

26   8.    Defendant Nvidia Corporation ("Nvidia") is a business entity organized

27   under the laws of Delaware, with its principal place of business at 2701 San Tomas

28   75119.1                                    -2-
    CLASS ACTION COMPLAINT

1 Expressway, Santa Clara, California 95050. During the time period covered by this

2 Complaint, Defendant Nvidia manufactured, sold and distributed Graphics Processing Units

3 and Cards to customers throughout the United States. Nvidia earned \$2.375 billion in

4 revenues in 2005.

5       9.   Defendant ATI Technologies, Inc. ("ATI") is Canadian corporation with its

6 principal place of business located at 1 Commerce Valley Drive East, Markham, Ontario,

7 Canada L3T 7X6. During the time period covered by this Complaint, Defendant ATI

8 manufactured, sold and distributed Graphics Processing Units and Cards to customers

9 throughout the United States. ATI earned \$2.222 billion in revenues in 2005.

10       10. Defendant Advanced Micro Devices, Inc. ("AMD") is a Delaware

11 Corporation with its principal place of business located at One AMD Place, P.O. Box 3453,

12 Sunnyvale, California 94088-3453. On July 24, 2006 AMD and ATI announced a plan to

13 merge together in a deal valued at US\$5.4 billion. The merger closed October 25, 2006.

14 The acquisition consideration included over \$2 billion financed from a loan, as well as 56

15 million shares of AMD stock. During the time period covered by this Complaint, through

16 its acquisition of Defendant ATI, Defendant AMD manufactured, sold and distributed

17 Graphics Processing Units and Cards to customers throughout the United States.

18 **Co-Conspirators**

19       11. Various others, presently unknown to Plaintiffs, participated as co-

20 conspirators with the Defendants in the violations of law alleged in this Complaint and have

21 engaged in conduct and made statements in furtherance thereof.

22       12. The acts charged in this Complaint have been done by Defendants and their

23 co-conspirators, or were authorized, ordered or done by their respective officers, agents,

24 employees or representatives while actively engaged in the management of each Defendant's

25 business or affairs.

26       13. Each of the Defendants named herein acted as the agent or joint venturer of

27 or for the other Defendants with respect to the acts, violations and common course of

28 
75119.1                      -3-

CLASS ACTION COMPLAINT

1   conduct alleged herein.

2                          **CLASS ACTION ALLEGATIONS**

3          14. Plaintiffs bring this suit as a class action pursuant Rules 23(b)(2) and 23(b)(3)

4   of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class ("the

5   Class") composed of and defined as follows:

6                 All persons and entities residing in the United States who, from
                  November 30, 2002 to the present, purchased computer Graphics
7                 Processing Units and Cards in the United States indirectly from the
                  Defendants for their own use and not for resale.   Specifically
8                 excluded from this Class are the Defendants; the officers, directors or
                  employees of any Defendant; any entity in which any Defendant has a
9                 controlling interest; and any affiliate, legal representative, heir or
                  assign of any Defendant.  Also excluded are any federal, state or local
10                governmental entities, any judicial officer presiding over this action
                  and the members of his/her immediate family and judicial staff, and
11                any juror assigned to this action.

12         15.    This action has been brought and may be properly maintained as a class

13   action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

14   reasons:

15                a.     The Class is ascertainable and there is a well-defined community of

16   interest among the members of the Class;

17                b.     Based upon the nature of the trade and commerce involved and the

18   number of indirect purchasers of Graphics Processing Units and Cards, Plaintiffs believe

19   that the members of the Class number in the thousands, and therefore is sufficiently

20   numerous that joinder of all Class members is not practicable;

21                c.     Plaintiffs' claims are typical of the claims of the members of the Class

22   because Plaintiffs indirectly purchased Graphics Processing Units and Cards from one or

23   more of the Defendants or their co-conspirators, and therefore Plaintiffs' claims arise from

24   the same common course of conduct giving rise to the claims of the members of the Class

25   and the relief sought is common to the Class;

26                d.     The following common questions of law or fact, among others, exist

27   as to the members of the Class:

28   75119.1                                    -4-
     CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | i. | whether Defendants formed and operated a combination or conspiracy |
| 2 | | to fix, raise, maintain or stabilize the prices of, or allocate the market |
| 3 | | for, Graphics Processing Units and Cards; |
| 4 | ii. | whether the combination or conspiracy caused Graphics Processing |
| 5 | | Units and Cards prices to be higher than they would have been in the |
| 6 | | absence of Defendants' conduct; |
| 7 | iii. | the operative time period of Defendants' combination or conspiracy; |
| 8 | iv. | whether Defendants' conduct caused injury to the business or property |
| 9 | | of Plaintiffs and the members of the Class; |
| 10 | v. | the appropriate measure of the amount of damages suffered by the |
| 11 | | Class; |
| 12 | vi. | whether Defendants' conduct violates Section 1 of the Sherman Act; |
| 13 | vii. | whether Defendants' conduct violates Sections 16720 and 17200 of |
| 14 | | the California Business and Professions Code; |
| 15 | viii. | whether Defendants' conduct violates the antitrust, unfair competition, |
| 16 | | and consumer protection laws of the other states as alleged below; and |
| 17 | ix. | the appropriate nature of class-wide equitable relief. |

e. These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

f. After determination of the predominate common issues identified above, if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

g. Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and have retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent themselves and the Class;

75119.1 -5-
CLASS ACTION COMPLAINT

1          h.     A class action is superior to other available methods for the fair and

2  efficient adjudication of this litigation since individual joinder of all damaged Class

3  members is impractical. The damages suffered by individual Class members are relatively

4  small, given the expense and burden of individual prosecution of the claims asserted in this

5  litigation. Thus, absent the availability of class action procedures, it would not be feasible

6  for Class members to redress the wrongs done to them. Even if the Class members could

7  afford individual litigation, the court system could not. Further, individual litigation

8  presents the potential for inconsistent or contradictory judgments and would greatly magnify

9  the delay and expense to all parties and to the court system. Therefore, the class action

10  device presents far fewer case management difficulties and will provide the benefits of

11  unitary adjudication, economy of scale and comprehensive supervision by a single court;

12          i.     Defendants have acted, and refused to act, on grounds generally

13  applicable to the Class, thereby making appropriate final injunctive relief with respect to the

14  Class as a whole; and

15          j.     In the absence of a class action, Defendants would be unjustly

16  enriched because they would be able to retain the benefits and fruits of their wrongful

17  conduct.

18          k.     The Claims in this case are also properly certifiable under the laws of

19  the State of California, and of the other individual states identified below in the Fourth and

20  Fifth Claims for Relief.

21                          **NATURE OF TRADE AND COMMERCE**

22      16.     Throughout the period of time covered by this Complaint, Defendants and

23  their co-conspirators engaged in the business of marketing and selling Graphics Processing

24  Units and Cards throughout the United States.

25      17.     Nvidia Corporation states on its website that it is the "worldwide leader in

26  programmable graphics processor technologies."( < http://phx.corporate-

27  ir.net/phoenix.zhtml?c=116466&p=irol-homeprofile > ) It further states that it

28  75119.1                                     -6-

1  creates products for computing, consumer electronics, and mobile device applications.  In
2  its most recent form 10-Q, filed with the United States Securities and Exchange
3  Commission on November 29, 2006, Nvidia stated that it has four major product-line
4  operating segments:  the graphics processing unit, or GPU, Business; the media and
5  communications processor, or MCP, Business; the Handheld GPU Business, and the
6  Consumer Electronics Business.

7      18.    Nvidia further stated that its GPU Business is composed of products that
8  support desktop personal computers, or PCs, notebook PCs and professional workstations.
9  Its MCP Business is composed of NVIDIA nForce products that operate as a single-chip or
10  chipset that can off-load system functions, such as audio processing and network
11  communications, and perform these operations independently from the host central
12  processing unit, or CPU.  Nvidia's Handheld GPU Business is composed of products that
13  support handheld personal digital assistants, cellular phones and other handheld devices.  Its
14  Consumer Electronics Business is concentrated in products that support video game consoles
15  and other digital consumer electronics devices including Sony's PlayStation3 and
16  Microsoft's Xbox360 videogame consoles.

17      19.    The Nvidia GPU and MCP brands include Nvidia GeForce®, Nvidia
18  GoForce®, Nvidia Quadro®, and Nvidia nForce®. Nvidia's product applications include
19  video games, film production, broadcasting, industrial design, space exploration, and
20  medical imaging.  Nvidia further states that "The world's leading PC and Handset OEMs
21  [Original Equipment Manufacturers] incorporate Nvidia technology into their products,
22  including Apple, Dell, Fujitsu Siemens, Gateway, HP, IBM, Lenovo, LG, Medion,
23  Mitsubishi, Motorola, MPC, NEC, Samsung, Sony Electronics, Sony Ericsson, and
24  Toshiba." Nvidia further states that it "partners with a broad range of system builders,
25  such as Alienware, Falcon Northwest, HCL, SAHARA and Shuttle, to deliver solutions at
26  every price point." Additionally, Nvidia products have been adopted by the world's leading

27

28  75119.1                                    -7-

1  add-in card and motherboard manufacturers, including ASUS, BFG, EVGA, Foxconn,
2  GIGABYTE, MSI, Palit, Point of View, and XFX.

3     20.    Defendant ATI stated in its 2005 Annual Report that it is one of the world's
4  leading leading providers of graphics processors and technologies. It further stated that
5  "Our graphics processing units (GPUs) are highly specialized semiconductors that increase
6  the speed, complexity and visual fidelity of digital images that can be displayed on graphical
7  interfaces." ATI further stated that its products are found in desktop and notebook
8  computers, and consumer electronics devices such as mobile phones, digital televisions and
9  game consoles.

10    21.    ATI's two primary markets for its semiconductor graphics products are the
11  PC and Consumer markets, and in the first quarter of fiscal 2005 it began to report its
12  financial results in two segments, PC and Consumer. Its PC segment includes all 3D
13  graphics, video and multimedia products, and chipsets developed for use in desktop and
14  notebook computers, including professional workstations, servers and home media PCs. Its
15  Consumer segment includes products used in mobile phones, PDAs, DTVs and consumer
16  electronics. In the PC segment, ATI's desktop GPU primary brands include Radeon
17  (desktop products), FireGL (workstations) and All-in-Wonder (multimedia products). Its
18  brand for notebook computer discrete products is Mobility Radeon. ATI's chipset products
19  are targeted to motherboard manufacturers and OEMs, and include the Radeon Xpress 200
20  integrated chipsets for the desktop and notebook markets and the Radeon Xpress CrossFire
21  Edition chipsets designed to be used in conjunction with one or more discrete graphics chips
22  in graphically demanding applications such as gaming.

23    22.    In its consumer segment, ATI's products are designed to provide advanced
24  visual and audio processing for color mobile phones and other handheld devices, and
25  include ATI's Imageon product line. With respect to digital television, ATI's Xilleon and
26  Theater products are highly integrated visual and signal processing solutions offered to DTV

27
28

1 and set-top box manufacturers. In the game console market, the Microsoft xBox 360 and
2 Nintendo GameCube both utilize ATI's products.

3     23.     ATI sells its products through various channels and to customers including
4 OEMs; system integrators who build ATI's products into their PCs; original design
5 manufacturers who add ATI's products to their PC motherboard products or graphic board
6 products; and both traditional and online distributors and retailers.

7     24.     The market for the manufacture and sale of Graphics Processing Units and
8 Cards is conductive to the type of collusive activity alleged here. That market is
9 oligopolistic in nature.

10     25.     The market for the manufacture and sale of Graphics Processing Units and
11 Cards is subject to high manufacturing and technological barriers to entry. Efficient
12 fabrication plants are large and costly. Graphics Processing Units and Cards are also
13 subject to technological advances, so that firms within the industry must undertake
14 significant research and development expenses.

15     26.     The Graphics Processing Units and Cards industry has also been subject to
16 significant consolidation during the Class Period.

17     27.     Defendants sell their Graphics Processing Unites and Cards through various
18 channels including to manufacturers of electronic products and devices, and to resellers of
19 Graphics Processing Units and Cards. These electronic products and devices and Graphics
20 Processing Units and Cards are then sold, directly or indirectly, to consumers and are not
21 altered during the course of sale.

22     28.     California is the largest market in the world for Graphics Processing Units
23 and Cards and is the worldwide center of the PC industry and other industries that depend
24 upon the Graphics Processing Units and Cards markets. Statements concerning the prices
25 and market conditions for Graphics Processing Units and Cards were disseminated by
26 Defendants from and into California on a regular and continuous basis.

27 **DEFENDANTS' ILLEGAL CONDUCT**

28

75119.1           -9-

CLASS ACTION COMPLAINT

1      29.    On November 30, 2006, Defendant AMD announced that it "has received a

2  subpoena from the U.S. Department of Justice ("DOJ") Antitrust Division in connection

3  with the DOJ's investigation into potential antitrust violations related to graphics processors

4  and cards." (< http://www.amd.com/us-

5  en/Corporate/VirtualPressRoom/0,,51_104_543 ~ 114493,00.html >) AMD further stated

6  that "AMD entered the graphics processor business following the company's acquisition of

7  ATI Technologies, Inc. last month (October 25, 2006)." *Id.*

8      30.    On November 30, 2006, Defendant Nvidia announced that it "has received a

9  subpoena from the San Francisco Office of the Antitrust Division of the Department of

10  Justice in connection with the DOJ's investigation into potential antitrust violations related

11  to Graphics Processing Units and Cards." (< http://phx.corporate-

12  ir.net/phoenix.zhtml?c=116466&p=irol-newsArticle&ID=937753&highlight= >). One

13  report in the December 1, 2006 edition of the *San Jose Mercury News* indicated: "[t]he

14  Department of Justice investigators asked Nvidia for pricing documents, customer

15  agreements and other documents, company spokesman Michael Hara said Friday. 'They

16  have asked for a pretty big data dump that goes back to the late '90s," Hara said. "It's a

17  fairly broad request.' "

18  (< http://www.mercurynews.com/mld/mercurynews/business/technology/16143619.htm >.

19  ) A December 2, 2006 article in the *San Francisco Chronicle* expanded on Mr. Hara's

20  remarks: "Michael Hara, vice president of corporate communications at Nvidia, said the

21  Justice Department requested documents going back eight or nine years. 'It's a broad range

22  of documents relating to customers, competitors, product stack, prices, market studies --

23  everything, pretty much,' he said." (< http://www.sfgate.com/cgi-

24  bin/article.cgi?file=/chronicle/archive/2006/12/02/BUGTFMNRS81.DTL&type=business

25  >).

26      31.    In a report it was stated that "Gina Talamona, a spokeswoman for the DOJ,

27  said the agency is looking into possible anticompetitive practices within the 'graphics

28  75119.1                  -10-

1  processing unit and cards' industry."

2  (< http://news.com.com/Justice + Dept. + subpoenas + AMD%2C + Nvidia/2100-1006_3-

3  6140041.html?tag = st_lh >).

4   32.    Regular users of Nvidia and ATI graphics cards have voiced suspicions of

5  price-fixing collusion between the two companies in recent years.

6  (< http://episteme.arstechnica.com/eve/forums/a/tpc/f/174096756/m/340003858631/inc/-

7  1 >).

8   33.    One commentator has compared the DOJ's investigation of Graphics

9  Processing Units and Cards to its successful prosecution of manufacturers of Dynamic

10  Random Access Memory ("DRAM"), which has resulted in $731 million in criminal fines:

11  " 'If the DOJ wanted to, it could just go down every line in the semiconductor industry and

12  find the same issue,' said Gartner Inc. analyst Richard Gordon. That's because there are a

13  relatively few number of suppliers in the chip industry and an open flow of communication

14  between competitors and customers, who may not define price fixing the same way the DOJ

15  does, he said."

16  (< http://www.computerworld.com/action/article.do?command = viewArticleBasic&taxono

17  myName = government&articleId = 9005596&taxonomyId = 13&intsrc = kc_top >).

18  Similarly, in The San Francisco Chronicle article cited previously, "Crawford Del Prete of

19  International Data Corp. said the investigation is not surprising. 'I am not surprised that (the

20  Justice Department) is looking into this as there are few suppliers left, which aggregates

21  pricing power,' he said in an e-mail."

22   34.    Other news reports contained similar comments by analysts. The *San Jose*

23  *Mercury News* article quoted above had this to say: " 'I have to believe this stuff traces back

24  into history,' said Doug Freeman, an analyst with American Technology Research. 'As a

25  consumer, I have noticed that the price points of video cards have always been pretty equal.

26  The first mover comes out with a product that is $500 and the follower comes out with a

27  product that is $500. They tend not to be in price wars.' Ashok Kumar, an analyst with

28  75119.1                                    -11-

CLASS ACTION COMPLAINT

1 | Raymond James, said the Justice Department was possibly alerted by customers, such as PC
2 | makers or the so-called white-box clone PC makers based in Taiwan who try to keep their
3 | prices as low as possible. 'The question is, do prices fall with the normal trajectory of the
4 | costs?' Kumar said."

5 | 35. Defendants and their co-conspirators have engaged in a contract,
6 | combination, trust or conspiracy, the effect of which was to raise the prices at which they
7 | sold Graphics Processing Units and Cards to artificially inflated levels.

8 | 36. Defendants, through their officers, directors and employees, effectuated the
9 | aforesaid contract, combination, trust or conspiracy between themselves and their co-
10 | conspirators by, among other things:

11 | a. participating in meetings and conversations, including through various
12 | trade associations and committees, to discuss the prices of Graphics Processing Units and
13 | Cards in the United States;

14 | b. agreeing, during those meetings and conversations, to charge prices at
15 | specified levels and otherwise to increase and maintain prices of Graphics Processing Units
16 | and Cards sold in the United States;

17 | c. issuing price announcements and quotations in accordance with the
18 | agreements reached; and

19 | d. selling Graphics Processing Units and Cards to various customers in
20 | the United States at non-competitive prices.

21 | 37. Defendants' contract, combination, trust or conspiracy was centered in,
22 | carried out, effectuated and perfected mainly in the State of California. Therefore, all
23 | members of the Class, whether or not California residents, are entitled to recover under
24 | California law, as well as the laws of their own states.

25

26

27 | **ACTIVE CONCEALMENT**

28 | 75119.1 -12-
CLASS ACTION COMPLAINT

1  38. Throughout and beyond the conspiracy, Defendants and their co-conspirators

2 affirmatively and actively concealed their unlawful conduct from Plaintiffs. Defendants and

3 their co-conspirators conducted their conspiracy in secret and kept it mostly within the

4 confines of their higher-level executives. Defendants and their co-conspirators publicly

5 provided pre-textual and false justifications regarding their price increases. Defendants and

6 their co-conspirators conducted their conspiracy in secret, concealed the true nature of their

7 unlawful conduct and acts in furtherance thereof, and actively concealed their activities

8 through various other means and methods to avoid detection. Plaintiffs did not discover,

9 and could not have discovered through the exercise of reasonable diligence, that Defendants

10 and their co-conspirators were violating the antitrust laws as alleged herein until shortly

11 before this class action litigation was commenced.

12  39. As a result of the active concealment of the conspiracy by Defendants and

13 their co-conspirators, any and all applicable statutes of limitations otherwise applicable to

14 the allegations herein have been tolled.

15  **VIOLATIONS ALLEGED**

16  **First Claim for Relief**

17  **(Violation of Section 1 of the Sherman Act)**

18

19

20

21

22

23

24

25

26

27

28  75119.1                                                    -13-

1  40.  Plaintiffs incorporate and reallege, as though fully set forth herein, each and

2  every allegation set forth in the preceding paragraphs of this Complaint.

3  41.  Beginning at a time presently unknown to Plaintiffs, but at least as early as

4  November 30, 2002 and continuing through the present, the exact dates being unknown to

5  Plaintiffs, Defendants and their co-conspirators entered into a continuing agreement,

6  understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

7  stabilize prices for Graphics Processing Units and Cards in the United States, in violation of

8  Section 1 of the Sherman Act, 15 U.S.C. § 1.

9  42.  In formulating and carrying out the alleged agreement, understanding, and

10  conspiracy, the Defendants and their co-conspirators did those things that they combined

11  and conspired to do, including but not limited to the acts, practices, and course of conduct

12  set forth above, and the following, among others:

13  a.  To fix, raise, maintain and stabilize the price of Graphics Processing

14  Units and Cards;

15  b.  To allocate markets for Graphics Processing Units and Cards among

16  themselves;

17  c.  To submit rigged bids for the award and performance of certain

18  Graphics Processing Units and Cards contracts; and

19  d.  To allocate among themselves the production of Graphics Processing

20  Units and Cards.

21  43.  The combination and conspiracy alleged herein has had the following effects,

22  among others:

23  a.  Price competition in the sale of Graphics Processing Units and Cards

24  has been restrained, suppressed, and/or eliminated in the United States;

25  b.  Prices for Graphics Processing Units and Cards sold by Defendants

26  and their co-conspirators have been fixed, raised, maintained and stabilized at artificially

27  high, non-competitive levels throughout the United States; and

28  75119.1                                    -14-

1         c.     Those who purchased Graphics Processing Units and Cards directly

2 or indirectly from Defendants and their co-conspirators have been deprived of the benefits

3 of free and open competition.

4     44.    Plaintiffs have been injured and will continue to be injured in their business

5 and property by paying more for Graphics Processing Units and Cards purchased indirectly

6 from the Defendants and their co-conspirators than they would have paid and will pay in the

7 absence of the combination and conspiracy, including paying more for personal computers

8 and other products in which Graphics Processing Units and Cards is a component as a result

9 of higher prices paid for Graphics Processing Units and Cards by the manufacturers of those

10 products.

11     45.    Plaintiffs and the class are entitled to an injunction against Defendants,

12 preventing and restraining the violations alleged herein.

13 

**Second Claim for Relief**

14 **(Violation of the California Cartwright Act)**

15     46.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and

16 every allegation set forth in the preceding paragraphs of this Complaint.

17     47.    Defendants' contract, combination, trust or conspiracy was centered in,

18 carried out, effectuated and perfected mainly within the State of California, and Defendant's

19 conduct within California injured all members of the Class throughout the United States.

20 Therefore, this claim for relief under California law is brought on behalf of all members of

21 the Class, whether or not they are California residents.

22     48.    Beginning at a time presently unknown to Plaintiffs, but at least as early as

23 November 30, 2002, and continuing thereafter at least up to the present, Defendants and

24 their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of

25 the trade and commerce described above in violation of Section 16720, California Business

26 and Professional Code. Defendants, and each of them, have acted in violation of Section

27

28 75119.1                -15-

CLASS ACTION COMPLAINT

1 | 16720 to fix, raise, stabilize and maintain prices of, and allocate markets for, Graphics
2 | Processing Units and Cards at supra-competitive levels.

3 |     49.     The aforesaid violations of Section 16720, California Business and
4 | Professions Code, consisted, without limitation, of a continuing unlawful trust and concert
5 | of action among the Defendants and their co-conspirators, the substantial terms of which
6 | were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, Graphics
7 | Processing Units and Cards.

8 |     50.     For the purpose of forming and effectuating the unlawful trust, the
9 | Defendants and their co-conspirators have done those things which they combined and
10 | conspired to do, including but in no way limited to the acts, practices and course of conduct
11 | set forth above and the following:

12 |     a.     to fix, raise, maintain and stabilize the price of Graphics Processing
13 |     Units and Cards;

14 |     b.     to allocate markets for Graphics Processing Units and Cards amongst
15 |     themselves;

16 |     c.     to submit rigged bids for the award and performance of certain
17 |     Graphics Processing Units and Cards contracts; and

18 |     d.     to allocate amongst themselves the production of Graphics Processing
19 |     Units and Cards.

20 |     51.     The combination and conspiracy alleged herein has had, inter alia, the
21 | following effects:

22 |     a.     price competition in the sale of Graphics Processing Units and Cards
23 |     has been restrained, suppressed and/or eliminated in the State of
24 |     California and throughout the United States;

25 |     b.     prices for Graphics Processing Units and Cards sold by Defendants
26 |     and their co-conspirators have been fixed, raised, maintained and

27 |

28 | 75119.1     -16-

1                         stabilized at artificially high, non-competitive levels in the State of

2                         California and throughout the United States; and

3                  c.      those who purchased Graphics Processing Units and Cards from

4                         Defendants and their co-conspirators have been deprived of the

5                         benefit of free and open competition.

6         52.      Plaintiffs and the other members of the Class paid supra-competitive,

7  artificially inflated prices for Graphics Processing Units and Cards.

8         53.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs

9  and the members of the Class have been injured in their business and property in that they

10  paid more for Graphics Processing Units and Cards than they otherwise would have paid in

11  the absence of Defendants' unlawful conduct. As a result of Defendants' violation of Section

12  16720 of the California Business and Professions Code, Plaintiffs seek treble damages and

13  the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the

14  California Business and Professions Code.

15                                      **Third Claim for Relief**

16                    **(Violation of the California Unfair Competition Law)**

17

18         54.      Plaintiffs incorporate and reallege, as though fully set forth herein, each and

19  every allegation set forth in the preceding paragraphs of this Complaint.

20         55.      Defendants' business acts and practices were centered in, carried out,

21  effectuated and perfected mainly within the State of California, and Defendant's conduct

22  within California injured all members of the Class throughout the United States. Therefore,

23  this claim for relief under California law is brought on behalf of all members of the Class,

24  whether or not they are California residents.

25         56.      Beginning on a date unknown to Plaintiffs, but at least as early as November

26  30, 2002, and continuing thereafter at least up through the present, Defendants committed

27  and continue to commit acts of unfair competition, as defined by Sections 17200, et seq. of

28  75119.1                                     -17-

1 | the California Business and Professions Code, by engaging in the acts and practices
2 | specified above.

3 |     57.    This Claim is instituted pursuant to Sections 17203 and 17204 of the
4 | California Business and Professions Code, to obtain restitution from these Defendants for
5 | acts, as alleged herein, that violated Section 17200 of the California Business and
6 | Professions Code, commonly known as the Unfair Competition Law.

7 |     58.    The Defendants' conduct as alleged herein violated Section 17200. The acts,
8 | omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged
9 | herein, constituted a common continuous and continuing course of conduct of unfair
10 | competition by means of unfair, unlawful and/or fraudulent business acts or practices within
11 | the meaning of California Business and Professions Code, Section 17200, et seq., including,
12 | but not limited to, the following:

13 |         a.    The violations of Section 1 of the Sherman Act, as set forth above;

14 |         b.    The violations of Section 16720, *et seq.*, of the California Business
15 |               and Professions Code, set above;

16 |         c.    Defendants' acts, omissions, misrepresentations, practices and non-
17 |               disclosures, as described above, whether or not in violation of Section
18 |               16720, *et seq.* of the California Business and Professions Code, and
19 |               whether or not concerted or independent acts, are otherwise unfair,
20 |               unconscionable, unlawful or fraudulent;

21 |         d.    Defendants' act and practices are unfair to consumers of Graphics
22 |               Processing Units and Cards in the State of California and throughout
23 |               the United States, within the meaning of Section 17200, California
24 |               Business and Professions Code; and

25 |         e.    Defendants' acts and practices are fraudulent or deceptive within the
26 |               meaning of Section 17200 of the California Business and Professions
27 |               Code.

28 |

75119.1                          -18-

1    59.    Plaintiffs and each of the Class members are entitled to full restitution and/or
2    disgorgement of all revenues, earnings, profits, compensation and benefits which may have
3    been obtained by Defendants as a result of such business acts or practices.

4    60.    The illegal conduct alleged herein is continuing and there is no indication that
5    Defendants will not continue such activity into the future.

6    61.    The unlawful and unfair business practices of Defendants, and each of them,
7    as described above, have caused and continue to cause Plaintiffs and the members of the
8    Class to pay supra-competitive and artificially-inflated prices for Graphics Processing Units
9    and Cards. Plaintiffs and the members of the class suffered injury in fact and lost money or
10   property as a result of such unfair competition.

11   62.    The conduct of Defendants as alleged in this Complaint violates Section
12   17200 of the California Business and Professions Code.

13   63.    As alleged in this Complaint, Defendants and their co-conspirators have been
14   unjustly enriched as a result of their wrongful conduct and by Defendants' unfair
15   competition. Plaintiff and the members of the Class are accordingly entitled to equitable
16   relief including restitution and/or disgorgement of all revenues, earnings, profits,
17   compensation and benefits which may have been obtained by Defendants as a result of such
18   business practices, pursuant to the California Business and Professions Code, Sections
19   17203 and 17204.

20                          **Fourth Claim for Relief**

21              **(Violation of State Antitrust and Unfair Competition Laws)**

22   64.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and
23   every allegation set forth in the preceding paragraphs of this Complaint.

24   65.    By reason of the foregoing, defendants have entered into agreements in
25   restraint of trade in violation of Alabama Code §§8-10-1 et seq.

26   66.    By reason of the foregoing, defendants have entered into agreements in
27   restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

28
75119.1                                -19-
CLASS ACTION COMPLAINT

1    67.    By reason of the foregoing, defendants have entered into agreements in

2    restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal.

3    Bus. & Prof. Code §§17200 et seq.

4    68.    By reason of the foregoing, defendants have entered into agreements in

5    restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

6    69.    By reason of the foregoing, defendants have entered into agreements in

7    restraint of trade in violation of Iowa Code §§553.1 et seq.

8    70.    By reason of the foregoing, defendants have entered into agreements in

9    restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

10   71.    By reason of the foregoing, defendants have entered into agreements in

11   restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

12   72.    By reason of the foregoing, defendants have entered into agreements in

13   restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

14   73.    By reason of the foregoing, defendants have entered into agreements in

15   restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

16   74.    By reason of the foregoing, defendants have entered into agreements in

17   restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

18   75.    By reason of the foregoing, defendants have entered into agreements in

19   restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

20   76.    By reason of the foregoing, defendants have entered into agreements in

21   restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

22   77.    By reason of the foregoing, defendants have entered into agreements in

23   restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

24   78.    By reason of the foregoing, defendants have entered into agreements in

25   restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

26   79.    By reason of the foregoing, defendants have entered into agreements in

27   restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

28   75119.1                          -20-
     CLASS ACTION COMPLAINT

1  80.  By reason of the foregoing, defendants have entered into agreements in
2  restraint of trade in violation of the Pennsylvania common law.

3  81.  By reason of the foregoing, defendants have entered into agreements in
4  restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

5  82.  By reason of the foregoing, defendants have entered into agreements in
6  restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

7  83.  By reason of the foregoing, defendants have entered into agreements in
8  restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

9  84.  By reason of the foregoing, defendants have entered into agreements in
10  restraint of trade in violation of West Virginia §§47-18-1 et seq.

11  85.  By reason of the foregoing, defendants have entered into agreements in
12  restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

13  86.  Class Members in each of the states listed above paid supra-competitive,
14  artificially inflated prices for Graphics Processing Units and Cards.  As a direct and
15  proximate result of Defendants' unlawful conduct, such members of the Class have been
16  injured in their business and property in that they paid more for Graphics Processing Units
17  and Cards than they otherwise would have paid in the absence of Defendants' unlawful
18  conduct.

19  ## Fifth Claim for Relief

20  ### (Violation of State Consumer Protection and Unfair Competition Laws)

21  87.  Plaintiffs incorporate and reallege, as though fully set forth herein, each and
22  every allegation set forth in the preceding paragraphs of this Complaint.

23  88.  Defendants engaged in unfair competition or unfair, unconscionable,
24  deceptive or fraudulent acts or practices in violation of the state consumer protection and
25  unfair competition statutes listed below.

26  89.  Defendants have engaged in unfair competition or unfair or deceptive acts or
27  practices in violation of Alaska Stat. §§45.50.471 et seq.

28
75119.1                                    -21-
CLASS ACTION COMPLAINT

1      90.    Defendants have engaged in unfair competition or unfair or deceptive acts or

2  practices in violation of Arkansas Code §4-88-101 et seq.

3      91.    Defendants have engaged in unfair competition or unfair or deceptive acts or

4  practices in violation of California Bus. & Prof. Code §17200 et seq.

5      92.    Defendants have engaged in unfair competition or unfair or deceptive acts or

6  practices in violation of District of Columbia Code §28-3901 et seq.

7      93.    Defendants have engaged in unfair competition or unfair or deceptive acts or

8  practices in violation of Florida Stat. §501.201 et seq.

9      94.    Defendants have engaged in unfair competition or unfair or deceptive acts or

10  practices in violation of Hawaii Rev. Stat. §480 et seq.

11      95.    Defendants have engaged in unfair competition or unfair or deceptive acts or

12  practices in violation of Idaho Code §48-601 et seq.

13      96.    Defendants have engaged in unfair competition or unfair or deceptive acts or

14  practices in violation of Kansas Stat. §50-623 et seq.

15      97.    Defendants have engaged in unfair competition or unfair or deceptive acts or

16  practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

17      98.    Defendants have engaged in unfair competition or unfair or deceptive acts or

18  practices in violation of 5 Maine Rev. Stat. §207 et seq.

19      99.    Defendants have engaged in unfair competition or unfair or deceptive acts or

20  practices in violation of Montana Code §30-14-101 et seq.

21      100.    Defendants have engaged in unfair competition or unfair or deceptive acts or

22  practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

23      101.    Defendants have engaged in unfair competition or unfair or deceptive acts or

24  practices in violation of New Mexico Stat. §57-12-1 et seq.

25      102.    Defendants have engaged in unfair competition or unfair or deceptive acts or

26  practices in violation of New York Gen. Bus. Law §349 et seq.

27      103.    Defendants have engaged in unfair competition or unfair or deceptive acts or

28  75119.1                           -22-

1  practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

75119.1                                             -23-
CLASS ACTION COMPLAINT

1       104.    Defendants have engaged in unfair competition or unfair or deceptive acts or

2 practices in violation of Oregon Rev. Stat. §646.605 et seq.

3       105.    Defendants have engaged in unfair competition or unfair or deceptive acts or

4 practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

5       106.    Defendants have engaged in unfair competition or unfair or deceptive acts or

6 practices in violation of South Carolina Code Laws §39-5-10 et seq.

7       107.    Defendants have engaged in unfair competition or unfair or deceptive acts or

8 practices in violation of Utah Code §13-11-1 et seq.

9       108.    Defendants have engaged in unfair competition or unfair or deceptive acts or

10 practices in violation of 9 Vermont §2451 et seq.

11       109.    Defendants have engaged in unfair competition or unfair or deceptive acts or

12 practices in violation of West Virginia Code §46A-6-101 et seq.

13       110.    Defendants have engaged in unfair competition or unfair or deceptive acts or

14 practices in violation of Wyoming Stat. §40-12-105.

15       111.    Class Members in the states listed above paid supra-competitive, artificially

16 inflated prices for Graphics Processing Units and Cards. As a direct and proximate result

17 of Defendants' unlawful conduct, Plaintiffs and the members of the Class have been injured

18 in their business and property in that they paid more for Graphics Processing Units and

19 Cards than they otherwise would have paid in the absence of Defendants' unlawful conduct.

20                                     **Sixth Claim for Relief**

21                 **(Unjust Enrichment and Disgorgement of Profits)**

22       112.    Plaintiffs incorporate and reallege, as though fully set forth herein, each and

23 every allegation set forth in the preceding paragraphs of this Complaint.

24       113.    Defendants have been unjustly enriched through overpayments by Plaintiffs

25 and Class members and the resulting profits.

26

27

28

75119.1                     -24-

114.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiffs and Class members.

115.    Plaintiffs seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and Class members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.     That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

B.     That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

      a.     A restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief;

      b.     An unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second and Fourth Claims for Relief herein;

      c.     Violations of the state consumer protection and unfair competition laws identified in the Third and Fifth Claims for Relief herein; and

      d.     Acts of unjust enrichment as set forth in the Sixth Claim for Relief herein.

C.     That Plaintiffs and the Class recover damages, as provided by federal and state antitrust laws, and that a joint and several judgment in favor of Plaintiffs and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

1      D.      That Defendants, their affiliates, successors, transferees, assignees, and the

2 officers, directors, partners, agents, and employees thereof, and all other persons acting or

3 claiming to act on their behalf, be permanently enjoined and restrained from in any manner:

4 (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination

5 alleged herein, or from entering into any other conspiracy alleged herein, or from entering

6 into any other contract, conspiracy or combination having a similar purpose or effect, and

7 from adopting or following any practice, plan, program, or device having a similar purpose

8 or effect; and (2) communicating or causing to be communicated to any other person

9 engaged in the sale of Graphics Processing Units and Cards, information concerning bids of

10 competitors;

11      E.      That Plaintiffs be awarded restitution, including disgorgement of profits

12 obtained by Defendants as a result of their acts of unfair competition and acts of unjust

13 enrichment;

14      F.      That Plaintiffs and members of the Class be awarded pre- and post-judgment

15 interest, and that that interest be awarded at the highest legal rate from and after the date of

16 service of the initial complaint in this action;

17      G.      That Plaintiffs and members of the Class recover their costs of this suit,

18 including reasonable attorneys' fees as provided by law; and

19      H.      That Plaintiffs and members of the Class have such other, further, and

20 different relief as the case may require and the Court may deem just and proper under the

21 circumstances.

22

23

24

25

26

27

28

75119.1                -26-

CLASS ACTION COMPLAINT

1  Dated: December 04, 2006                    Respectfully submitted,

2

By:
3                                              Michael P. Lehmann
                                               Thomas P. Dove
4                                              Christopher L. Lebsock
                                               Jon T. King
5                                              FURTH LEHMANN & GRANT LLP
                                               225 Bush Street, 15th Floor
6                                              San Francisco, CA 94104-4249
                                               Telephone: (415) 433-2070
7                                              Facsimile: (415) 982-2076

8                                              Michael D. Hausfeld (mhausfeld@cmht.com)
                                               Charles E. Tomkins (ctomkin@cmht.com)
9                                              Andrew B. Bullion (abullion@cmht.com)
                                               Hilary K. Ratway (hratway@cmht.com)
10                                             COHEN MILSTEN HAUSFELD & TOLL,
                                                 P.L.L.C.
11                                             1100 New York Avenue, N.W.
                                               Suite 500, West Tower
12                                             Washington, D.C. 20005
                                               Telephone: (202) 408-4600
13                                             Facsimile: (202) 408-4699

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   75119.1                                     -27-
   CLASS ACTION COMPLAINT

1
2
3

## JURY TRIAL DEMAND

4

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a

5

trial by jury for all issues so triable.

6

7   Dated:  December 4, 2006             Respectfully submitted,

8                         By:

9                             Michael P. Lehmann
                             Thomas P. Dove

10                          Christopher L. Lebsock
                          Jon T. King

11                         FURTH LEHMANN & GRANT LLP
                        225 Bush Street, 15th Floor

12                       San Francisco, CA 94104-4249
                       Telephone:  (415) 433-2070

13                       Facsimile:   (415) 982-2076

14
15                       Michael D. Hausfeld (mhausfeld@cmht.com)
                       Charles E. Tomkins (ctomkin@cmht.com)

16                     Andrew B. Bullion (abullion@cmht.com)
                     Hilary K. Ratway (hratway@cmht.com)

17                   COHEN MILSTEN HAUSFELD & TOLL,
                     P.L.L.C.

18                     1100 New York Avenue, N.W.
                     Suite 500, West Tower

19                     Washington, D.C. 20005
                     Telephone:  (202) 408-4600
                     Facsimile:   (202) 408-4699

20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT